**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KAI MICHAEL HENDERSON,    ) | No. CV-12-0418-TUC-BGM |
| ) | |
| Plaintiff,    ) | |
| ) | **ORDER** |
| vs.    ) | |
| ) | |
| ) | |
| ZENIMAX MEDIA, INC.,    ) | |
| ) | |
| Defendant.    ) | |
| _____    ) | |

Currently pending before the Court is Defendant's Amended Motion to Dismiss [Doc. 16]. Plaintiff filed his Reply [sic] to Motion to Dismiss [Doc. 17], and Defendant Replied [Doc. 18]. Defendant seeks dismissal of this lawsuit based upon Rule 12(b)(6), Federal Rules of Civil Procedure, asserting that Plaintiff has failed to state facts sufficient to sustain a cause of action.

**I.     FACTUAL BACKGROUND**

Plaintiff's Amended Complaint [Doc. 12] alleges that in October 2010 ZeniMax Productions released "Fallout New Las Vegas."  Amended Compl. [Doc. 12] at ¶ 2. "Plaintiff's name is Germanic derivative of the Latin 'Cesar' [and] [t]he image of 'Kaiser,' 'Caeser,' or 'Cesar' was depicted using aspects of plaintiff's image." *Id.* at ¶ 7. "'Kaiser' wore an "X" the Greek symbol for the letter 'chi,' pronounced the same as plaintiff's name." *Id.* at ¶ 8. "The villain/hero had a legion of football clad soldiers [and] Plaintiff has worked in the athletics department at the University of Arizona for five years with athletes." *Id.* at ¶ 9. The game character is balding and based in Arizona. Amended Compl. [Doc. 12] at ¶¶ 12-3. Plaintiff states that he shares these characteristics with the game character. *Id.* The

1  game's story is based in Nevada, where Plaintiff has been a resident. *Id.* at ¶ 16. The game
2  character has a crude spear and sharpening tools, and Plaintiff has studied archaeology. *Id.*
3  at ¶ 14. Additionally, Plaintiff has worked at a job site which sits on irradiated ground water,
4  where he could not drink certain waters, and an aspect of the game play is avoiding ingestion
5  of irradiated substances. *Id.* at ¶ 17. Plaintiff alleges "[t]o the best of plaintiff's
6  recollection" that the term "Hate Kai" is graffitied on the wall of a bunker. Amended Compl.
7  [Doc. 12] at ¶ 18. Moreover, a key geographic point in the game is the "H & H Tool
8  Company" containing "correspondence concerning the 'Henderson' family." *Id.* at ¶ 19.

9  Plaintiff alleges that other similarities regarding events that have occurred in his life
10 are reflected in the game. These include, Plaintiff has worked with corrections officers and
11 prisoners, lives in Tucson where Raytheon is located, his friend was assaulted in the Spring
12 of 2011, also around that same time Plaintiff's home was burglarized, and in the Fall of 2011
13 Plaintiff's car was broken into. *Id.* at ¶¶ 22-9.

14 Plaintiff alleges claims for (1) "violation of rights to publicity" and (2) false light. *Id.*
15 at 4-5. He seeks damages in the amount of $ 58,110,000.00.

## II. STANDARD OF REVIEW

18 A complaint is to contain a "short and plain statement of the claim showing that the
19 pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand
20 detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-
21 harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173
22 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by
23 mere conclusory statements, do not suffice." *Id.*; *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d
24 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not
25 sufficient to defeat a motion to dismiss.").

26 Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief
27 can be granted." Rule 12(b)(6), Fed. R. Civ. P. "To survive a motion to dismiss, a complaint
28 must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

1 plausible on its face.'" *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

"When ruling on a motion to dismiss, [the Court must] accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). "The court draws all reasonable inferences in favor of the plaintiff." *Id.* (citing *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008)). This Court is not required, however, to accept conclusory statements as a factual basis. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss."); *See also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.").

## III. ANALYSIS

Defendant seeks dismissal of all claims pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

### *A. Violation of the Right of Publicity*

Defendant asserts that Plaintiff has failed to provide sufficient facts to state a claim for violation of the right of publicity.

1    Neither the parties nor this Court are aware of any Arizona state cases or statutes that
2    recognize the tort of violation of the right of publicity. "Generally, however, absent law to
3    the contrary, Arizona courts follow the Restatement." *Espinoza v. Schulenburg*, 212 Ariz.
4    215, 217, 129 P.3d 937, 939 (Ariz. 2006) (citations omitted). Section 652C, Restatement
5    (Second) of Torts defines the tort as "[o]ne who appropriates to his own use or benefit the
6    name or likeness of another is subject to liability to the other for invasion of his privacy."
7    Further, the notes to Section 652C state:

> In order that there may be liability under the rule stated in this Section, the defendant must have appropriated to his own use or benefit the reputation, prestige, social or commercial standing, public interest or other values of the plaintiff's name or likeness. **It is not enough that the defendant has adopted for himself a name that is the same as that of the plaintiff, so long as he does not pass himself off as the plaintiff or otherwise seek to obtain for himself the values or benefits of the plaintiff's name or identity.** Unless there is such an appropriation, the defendant is free to call himself by any name he likes, whether there is only one person or a thousand others of the same name. Until the value of the name has in some way been appropriated, there is no tort.

14   Restatement (Second) of Torts § 652C cmt. c (emphasis added).

15   "Section 46 of the Restatement (Third) of Unfair Competition defines the claim of
16   right of publicity as follows: 'One who appropriates the commercial value of a person's
17   identity by using without consent the person's name, likeness, or other indicia of identity for
18   purposes of trade is subject to liability for the relief appropriate under the rules stated in §§
19   48 and 49 [injunctive and damage relief, respectively.'" *Pooley v. Nat'l Hole-in-One Assoc.*,
20   89 F. Supp.2d 1108, 1111 (D. Ariz. 2000) (quoting Restatement (Third) of Unfair
21   Competition § 46) (alterations in original).

22   Here, Plaintiff has failed to allege specific facts suggesting that he is the basis for the
23   character in the video game. Beyond the fact that both the game character and Plaintiff have
24   receding hair lines and they live in Arizona, all other "facts" are extremely tangential, and
25   speculative at best. At oral argument, Plaintiff stated that he has done a lot of work in
26   archaeology, including studying in France. Hr'g Tr. 11/28/2012 [Doc. 24] at 8:6-19. He
27   further asserts that his parents are published in archaeology. *Id.* There is nothing to suggest,
28   however, that even if Plaintiff's parents have some fame or notoriety, the same translates to

- 4 -

Plaintiff. Plaintiff also suggests that he gained celebrity working in the Petrified Forrest National Park, where as many as 200,000 visitors per year travel. *Id.* at 9:1-7. Plaintiff failed to state any facts to support that he came in contact with all 200,000 visitors or that any one of them would recognize him. *See id.* In support of his relative fame, Plaintiff stated:

> [A]t the Caesar's Palace casino, while visiting with my little brother, I wasn't about to got to a nightclub at that time, the DJ stated at that time that he knew who we were as I walked by. Now, I walked by in a crowd, so maybe that's a coincidence. Maybe he was referring to someone else. But the coincidences stack a lot.

Hr'g Tr. 11/28/2012 [Doc. 24] at 10:10-16.

This Court is not required to accept conclusory statements as a factual basis. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss."). There is nothing to suggest that Defendant has some how appropriated Plaintiff's image because of who he is or for any other reason. Plaintiff has failed to state sufficient facts to sustain a cause of action in this case, and cannot articulate any facts to cure the deficiencies herein. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("In dismissing for failure to state a claim, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading **could not possibly be cured by the allegation of other facts**.'" (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Service*, 911 F.2d 242, 247 (9th Cir. 1990) (emphasis added)). Accordingly, Plaintiff's claim for a violation of right of publicity is dismissed with prejudice.

### B. False Light

Defendant also seeks dismissal of Plaintiff's claim for False Light Invasion of Privacy because he has failed to state the required elements and allege facts sufficient to sustain such an action.

In Arizona, the tort of "[f]alse light invasion of privacy . . . protects against the conduct of knowingly *or recklessly* publishing false information or innuendo that a

- 5 -

'reasonable person' would find 'highly offensive.'" *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 339, 783 P.2d 781, 785 (Ariz. 1989) (emphasis in original). Section 652E, Restatement (Second) of Torts defines the claim as follows:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts § 652E.

The Plaintiff's Amended Complaint fails to state sufficient facts to demonstrate that the video game "Fall Out New Las Vegas" portrays him. With only the tangential similarities mentioned in Plaintiff's Amended Complaint, and at oral argument, he has failed to meet his burden. *See, supra.* The Court finds that there is no set of facts that could cure the deficiencies found in Plaintiff's Amended Complaint. Moreover, Plaintiff has failed to adduce any evidence that Defendant gave publicity to a matter concerning him, that thereby placed Plaintiff in a false light. Accordingly, Plaintiff's Amended Complaint shall be dismissed.

Accordingly, IT IS HEREBY ORDERED that Defendant's Amended Motion to Dismiss [Doc. 16] is GRANTED. IT IS FURTHER ORDERED that Plaintiff's cause of action is DISMISSED WITH PREJUDICE. The Clerk of the Court shall close its file in this matter.

DATED this 25th day of January, 2013.

_____
Bruce G. Macdonald
United States Magistrate Judge